UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KNAPP FARMS OPERATING, INC.,
STEPHEN R. KNAPP, GINGER M.
KNAPP, individually, and for all others
Similarly situated, and as subrogees and
Assignees of certain trust fund Beneficiary
rights pursuant to Lien Law Article 3-a,

                                  Plaintiffs,

-vs-

SGG USA, LLC, SGG ENERGY LLC,
SGG ENERGY INC., CHRISTOPHE
TREVILLE individually and doing business
as STOREX CA, INC., PHILIP TREVILLE,
individually and doing business as
STOREX CA, INC.,

                                  Defendants.

_____

**DECISION and
ORDER**

6:24-CV-6184 CJS

## INTRODUCTION

This is a diversity action alleging New York State claims arising from a contract for the construction of an apple storage facility. The New York-resident Plaintiffs contend that they paid $4.7 million in mostly-borrowed funds to Canadian residents Christophe Treville and Philip Treville ("the Trevilles"), doing business under the name Storex CA, Inc. ("Storex"), for the construction of the building, which has never been completed. Plaintiffs maintain that the Trevilles paid some of that money to subcontractors and took the rest, after which several subcontractors either filed, or threatened to file, mechanic's liens on the building. Plaintiffs contend that they were required to pay approximately

1

$844,000 dollars to the unpaid subcontractors, and that the completion of the building will cost an additional $2 million. Plaintiffs are suing the Trevilles, Storex, and several other business entities over which the Sevilles allegedly had authority and control. Now before the Court is a motion to dismiss filed by one of those business entities, SGG Energy, Inc. (ECF No. 8). For reasons discussed below, SGG Energy, Inc.'s motion to dismiss is granted.

BACKGROUND

Plaintiffs' memorandum of law in opposition to the motion to dismiss purports to summarize the underlying facts of this action as follows:

> On or about February 3, 2022, Defendants Philip Treville and Christophe Treville submitted a proposal to Defendants ("Storex Proposal") for the construction of a Cahyb Style Building with Insulated Metal panels to be used for apple storage (the "Storage Building"). Pursuant to the Storex Proposal, Philip and Christophe Treville were to construct the Storage Building for Knapp farms upon land owned by Stephen and Ginger [Knapp]. Philip and [Christophe] Treville signed the Storex Proposal on behalf of a supposed business, "Storex CA, Inc." Plaintiffs issued payment for the construction of the Storage Building, totaling $150,000, to "SGG USA LLC" pursuant to the direction of Philip and Christophe Treville. The Plaintiffs' payment was deposited into a bank account controlled by Philip and Christophe Treville (the "Treville Account"). Subsequently, Plaintiffs made payments via wire to the Treville Account totaling $4,551,000.00. Including the initial $150,000, the total amount Plaintiffs paid to the Treville Account was $4,701,000.00 ("Knapp Funds"). Despite these payments for the construction of the Storage Building, the construction of the Storage building was not completed and remains incomplete today.
>
> Despite their failure to complete the Storage Building, Stephen and Christophe Treville removed the Knapp Funds from the Treville Account. Stephen and Christophe Treville are directors of Defendant SGG Energy, Inc., a corporation organized under the Canada Business Corporations Act. Stephen and Christophe Treville had control and authority over the finances and use of funds by SGG Energy, Inc., at the time the Knapp Funds were removed from the Treville Account.

2

ECF No. 15 at pp. 1-2.

On March 26, 2024, Plaintiffs commenced this action. In a section of the Complaint entitled "Parties," Plaintiffs make the following allegations concerning SGG Energy, Inc.:

> 6. Upon information and belief, Defendant **SGG Energy, Inc.** is a corporation organized under the Canada Business Corporations Act on or about October 12, 2022.
>
> 7. Upon information and belief, Defendants Christophe Treville and Philip Treville are directors of **SGG Energy Inc.**
>
> 8. Upon information and belief, Defendant **SGG Energy Inc.** is owned, controlled or is the alter ego of Philip Treville and Christophe Treville.
>
> \*\*\*
>
> 16. Upon information and belief, STOREX CA, INC. is an assumed business name of Christophe Treville and/or Philip Treville, and/or **SGG Energy Inc.** and/or SGG Energy, LLC and/or SGG USA, LLC.
>
> 17. Upon information and belief, Christophe Treville and Philip Treville were persons in position of authority of STOREX CA, INC., and/or **SGG Energy, Inc.**, and/or SGG Energy, LLC and/or SGG USA, LLC with respect to the finances of such entities and the use of funds received by such entities.

ECF No. 1 (emphasis added).

The Complaint goes on to purportedly state five causes of action: 1) Breach of Contract; 2) Trust Fund Diversion; 3) Fraud; 4) Conversion; and 5) Unjust Enrichment.

The cause of action for breach of contract does not mention SGG Energy, Inc. at all. The cause of action for Trust Fund Diversion contains the following references to SGG Energy, Inc.:

> 79. Pursuant to Lien Law § 71, trust funds paid by Knapp Farms to SGG USA LLC constitute assets of a trust which are to be held and applied solely for the benefit and payment of claims of beneficiaries pursuant to Article 3-A of the N.Y. Lien Law.

3

80. Defendant SGG USA LLC made unauthorized, illegal, unjustified and improper payment and diversion of the trust funds by operation of law.

\*\*\*

84. Upon information and belief, Defendant SGG USA LLC's use of such funds was with notice and knowledge by **SGG Energy, Inc.** and/or Storex CA, Inc. of the source and origin of such funds, and with notice and knowledge of the claims of subcontractors and suppliers of SGG USA LLC for labor, material and services provided.

\*\*\*

86. By reason of the foregoing, and upon information and belief, SGG USA LLC (itself and/or doing business as Storex CA, Inc. and/or **SGG Energy, Inc.**) diverted funds for non-trust purposes.

87. By reason of the foregoing, and upon information and belief, Philip Treville and/or Christophe Treville participated in and/or orchestrated such diversion on behalf of SGG USA, LLC (itself and/or doing business as Storex CA, Inc. and/or **SGG Energy, Inc.**).

ECF No. 1 (emphasis added). The cause of action for fraud does not mention SGG Energy, Inc. The cause of action for conversion contains the following reference to SGG Energy, Inc.:

101. By reason of the foregoing, and upon information and belief, Philip Treville and Christophe Treville intentionally converted the funds paid to SGG USA LLC, which funds were intended for the purpose of being applied to improving the subject real property with the Storage Building, and applied such funds to purposes which benefitted SGG USA LLC, and/or Philip Treville and Christophe Treville personally, and/or for the benefit of Storex CA, Inc., and/or for the benefit of **SGG Energy, Inc.**

ECF No. 1 (emphasis added). And, finally, the cause of action for unjust enrichment does not mention SGG Energy, Inc.

SGG Energy, Inc., subsequently moved to dismiss the Complaint, ECF No. 8. The motion first contends that dismissal is required under Fed. R. Civ. P. 12(b)(6) since the Complaint fails to state any plausible claim against SGG Energy, Inc. Secondarily, the motion contends that dismissal is required under Fed. R. Civ. P. 12(b)(2), since the Court

4

lacks personal jurisdiction over SGG Energy, Inc.

Regarding the request to dismiss for failure to state a claim, the motion asserts that "the complaint is devoid of any allegations of wrongdoing by SGG Energy, Inc. related to the construction project or to the causes of action asserted." ECF No. 8-1 at p. 2.  More particularly, the motion asserts that the breach of contract claim fails since, "the Complaint does not allege that SGG Energy, Inc. was a party to any contract, nor that it breached any obligation under any contract";  that the trust fund diversion claim fails since, "the wrongdoing is alleged  to have been done by SGG USA LLC or by others on behalf of SGG USA LLC, not by SGG Energy, Inc.";  that the fraud claim fails since, it "makes no allegation whatsoever regarding SGG Energy, Inc.";  that the conversion claim fails since, "the Complaint does not allege that SGG Energy, Inc. had dominion over, or interfered with, any allegedly converted funds";  and that the unjust enrichment claim fails since, it "makes no allegation concerning SGG Energy, Inc.  ECF No. 8-1 at pp. 2-3.

Regarding the request to dismiss for lack of personal jurisdiction, the motion contends that Plaintiffs could not possibly establish personal jurisdiction over SGG Energy, Inc. in New York, since, in fact, SGG Energy, Inc. is a Canadian corporation that has no contacts with New York, has never conducted business anywhere, and has never had a bank account:

> SGG Energy, Inc. is a corporation organized under the laws of Canada on October 12, 2022. (CT Decl. ¶ 2). However, SGG Energy, Inc. has laid dormant since its formation. (CT Decl. ¶ 3). SGG Energy, Inc. has never conducted any business, has never owned any assets, and has never engaged in any activities of any kind. (CT Decl. ¶ 4). . . . In fact, it would have been impossible for SGG Energy, Inc. to divert funds because it has never had a bank account and has never had control of any funds. (CT Decl. ¶ 5).

5

ECF No. 1 at pp. 1-2. SGG Energy, Inc.'s allegations in this regard are supported by a sworn affidavit from Christophe Treville, in which he states:

> I, Christophe Treville, declare under penalty of perjury that the following is true and correct based on my personal knowledge:
>
> 1. This declaration is made upon my personal knowledge of the facts set forth herein, and if called to testify I would and could testify competently thereto.
>
> 2. SGG Energy, Inc. is a corporation organized under the laws of Canada on October12, 2022.
>
> 3. SGG Energy, Inc. has laid dormant since its formation.
>
> 4. SGG Energy, Inc. has never conducted any business, has never owned any assets, and has never engaged in any activities of any kind.
>
> 5. SGG Energy, Inc. has never had a bank account, has never received any funds, and has never controlled any funds.
>
> 6. SGG Energy, Inc. has never issued any statement or made any representation to anyone.
>
> 7. SGG Energy, Inc. has never had any contact with New York, has never had a place of business in New York, and has never conducted business in New York.
>
> In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

ECF No. 8-2.

Plaintiffs oppose the motion, submitting a memorandum of law but no contrary affidavits. Regarding the Rule 12(b)(6) application, Plaintiffs essentially assert they have stated a claim, since "Stephen and Christophe Treville are directors of Defendant SGG Energy, Inc.," and "had control and authority over the finances and use of funds by SGG

Energy, Inc., at the time the Knapp Funds were removed from the Treville Account." ECF No. 15 at pp. 1-2. Plaintiffs further insist that they "meet the low burden required by the Federal Rules to sufficiently plead their claims against SGG," since their Complaint "is a short and plain statement that gives fair notice to defendants of what the claims are and the grounds upon which they rest." *Id.* at 3.

Regarding the Rule 12(b)(2) application, Plaintiffs maintain they have made a prima facie showing of personal jurisdiction under New York's long-arm statute, N.Y.C.P.L.R. § 302(a)(3), stating:

> In this case, Philip Treville and Christophe Treville are at the helm of a tangled web of companies with convoluted ownership interests. What is clear to Plaintiffs is that Philip Treville and Christophe Treville accepted funds impressed with the nature of trust under New York Lien Law Article 3-A. It is further clear that the beneficiaries of such funds – including Solid Steel, LLC, Brucha Corp. and Angelo Power and Lighting – did not receive such funds. Presumably – and as sufficiently plead by Plaintiffs – this is because Philip Treville and Christophe Treville diverted such funds. Because Philip Treville and Christophe Treville are residents of Canada, and because of their use of multiple business entities, Plaintiffs are concerned that SGG Energy, Inc., a Canadian entity, may have been used to facilitate crossborder transfers. Until the parties engage in discovery, Plaintiffs cannot know if SGG Energy, Inc. was or was not involved.

ECF No. 15 at pp. 4-5.

The Court has thoroughly considered the parties' submissions.

## DISCUSSION

### Rule 12(b)(6) Standard

SGG Energy, Inc. has moved to dismiss the Complaint pursuant to Rule 12(b)(6), and the legal standards applicable to such an application are clear:

> To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

*Progressive Credit Union v. City of New York*, 889 F.3d 40, 48 (2d Cir. May 1, 2018).

> In its review, the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents "integral" to the complaint and relied upon in it, and facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence.

*Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. Jun. 3, 2014) (citations and internal quotation marks omitted).

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964–65, 167 L.Ed.2d 929 (2007); *see also, ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir.2007) ("To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.' ") (*quoting Bell Atl. Corp. v. Twombly* ) (footnote omitted).

When applying this "plausibility standard," the Court is guided by "two working principles":

8

> First, although a court must accept as true all of the allegations contained in a complaint,[1] that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss, and determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.

*Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations and internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S.Ct. 1937, 1950 (2009) (citation omitted).

"[A]s *Iqbal* makes clear, a plausible claim must come before discovery, not the other way around." *Angiulo v. Cty. of Westchester*, No. 11-CV-7823 CS, 2012 WL 5278523, at *3 (S.D.N.Y. Oct. 25, 2012) (citation omitted); *see also, McBeth v. Porges*, 171 F. Supp.3d 216, 236 (S.D.N.Y. 2016) (Observing that pursuant to *Iqbal's* pleading standard, "the Federal Rules of Civil Procedure do 'not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions or speculation.'") (quoting *Iqbal*).

As already mentioned, it is clearly settled that, "[i]n ruling on a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all of the factual allegations contained in the complaint." *McCray v. Lee*, 963 F.3d 110, 116 (2d Cir. 2020) (citations and internal quotation marks omitted). However, it is equally clear that not every allegation made "upon information and belief" is entitled to be accepted as true:

---

[1] The Court must accept the plausible factual allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir.1999), cert. den. 531 U.S. 1052, 121 S.Ct. 657 (2000).

9

[W]hile a plaintiff may make allegations on information and belief, those allegations will be sufficient to support a claim for relief only when the factual matter pled supports a plausible inference of culpability. . . . A plaintiff may satisfy the plausibility standard by pleading facts upon information and belief, but a plaintiff cannot merely plop 'upon information and belief' in front of a conclusory allegation and thereby render it non-conclusory. Those magic words will only make otherwise unsupported claims plausible when the facts are peculiarly within the possession and control of the defendant or where the belief is based on factual information that makes the inference of culpability plausible.

*Evergreen E. Coop. v. Whole Foods Mkt.*, Inc., No. 21-2827-CV, 2023 WL 545075, at *1-2 (2d Cir. Jan. 27, 2023) (citations omitted); *see also, United Prob. Officers Ass'n v. City of New York*, No. 21-CV-0218 (RA), 2022 WL 875864, at *9 (S.D.N.Y. Mar. 24, 2022) ("[T]he bare allegation that women of color are "paid less" than their white male counterparts in the same titles is a conclusory assertion that the Court need not accept as true. Again, even if pattern-or-practice plaintiffs cannot allege the precise amount of their coworkers' salar[ies], they should at least be able to allege the facts that form the basis for their belief that the coworkers are paid more.") (citations and internal quotation marks omitted); *Bright Kids NYC Inc. v. Kelly*, No. 19-CV-1175 (JMF), 2020 WL 6891814, at *4 (S.D.N.Y. Nov. 24, 2020) ("The Amended Complaint also alleges, "[u]pon information and belief," that Adams "knew that the Proprietary Contact Info was stolen." But to pass muster, an allegation upon information and belief must be accompanied by a statement of the facts upon which the belief is founded, and cannot rest on pure conjecture and speculation. Here, the allegation of Adams's knowledge falls far short.") (citations and internal quotation marks omitted).

Here, the Court agrees with SGG Energy, Inc. that the Complaint fails to state any plausible claim against it. Plaintiff's opposition papers assert that Stephen and

10

Christopher Treville are directors of Defendant SGG Energy, Inc." and "had control and authority over the finances and use of funds by SGG Energy, Inc., at the time the Knapp Funds were removed from the Treville Account."  However, at best Plaintiffs argue only that since Stephen Treville and Christopher Treville were directors of SGG Energy, Inc., they would have had control and authority over SGG Energy, Inc.'s finances and funds, if the corporation ever actually had finances or funds.  However, the Complaint contains no facts from which a reasonable inference can be drawn that SGG Energy, Inc. ever received funds paid by Plaintiffs into the Seville's bank account, or that the Sevilles otherwise used SGG Energy, Inc. to facilitate any of the wrongdoing alleged in the Complaint.  The Complaint's allegations concerning SGG Energy, Inc. are made only upon information and belief, unsupported by any facts that would make the allegations plausible rather than merely possible. [2]  Indeed, Plaintiffs admit that their claims against SGG Energy, Inc. are based not on facts, but on their "concern" that the Trevilles "may have" used SGG Energy, Inc. to commit wrongdoing, and that, "[u]ntil the parties engage in discovery, Plaintiffs cannot know if SGG Energy, Inc. was or was  not involved."[3] Consequently, the Complaint fails to state a claim against SGG Energy, Inc.

### Rule 12(b)(2) Standard

SGG Energy, Inc. also moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(2), and the legal standards applicable to such an application are clear:

---

[2] The entirely speculative nature of the claims against SGG Energy, Inc. is hinted at by paragraph 62 of the Complaint, which does not mention SGG Energy, Inc. but states: "Accordingly, Philip Treville and Christopher Treville, individually and/or doing business as Storex CA, Inc., SGG Energy, LLC and/or SGG USA, LLC, *possibly along with other persons or entities,* have diverted funds paid by Knapp Farms to SGG USA, LLC for construction improvements." ECF No. 1 (emphasis added).
[3] ECF No. 15 at p. 5.

On a Rule 12(b)(2) motion to dismiss, the plaintiff bears the burden of establishing personal jurisdiction over the defendant. *See Penguin Grp. (USA) Inc. ("Penguin I") v. Am. Buddha*, 609 F.3d 30, 34 (2d Cir. 2010). Where the parties have not engaged in discovery, as here, a plaintiff seeking to defeat a motion to dismiss based on the lack of personal jurisdiction need only make a *prima facie* showing that jurisdiction exists. *See Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84–85 (2d Cir. 2013). "On a 12(b)(2) motion, the Court must construe the pleadings and affidavits in the light most favorable to plaintiff, resolving all doubts in its favor, and must accept the allegations in the Complaint as true to the extent they are uncontroverted by defendants' affidavits, which the district court may also consider." *NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 341 (S.D.N.Y. 2020). The Court need not, however, "draw argumentative inferences in the plaintiff's favor" or "accept as true a legal conclusion couched as a factual allegation." *In re Terrorist Attacks on Sept. 11, 2001*, 714 F.3d 659, 673 (2d Cir. 2013). Thus, "[t]he plaintiff in opposing a 12(b)(2) motion cannot rely merely on conclusory statements or allegations; rather, the prima facie showing must be factually supported." *Sullivan v. Jersey Strong Licensing LLC*, 2019 WL 3066492, at *2 (S.D.N.Y. July 12, 2019).

Personal jurisdiction in a federal-question case is analyzed under a two-step inquiry. First, the Court must determine whether the exercise of personal jurisdiction is proper under the laws of the forum state—here, New York's long-arm statute. *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163–64 (2d Cir. 2010); *see PDK Labs, Inc. v. Friedlander*, 103 F.3d 1105, 1108 (2d Cir. 1997) ("In a federal question case where a defendant resides outside the forum state, a federal court applies the forum state's personal jurisdiction rules."). If so, the Court must then determine "whether the exercise of personal jurisdiction over the defendant comports with the Due Process Clause of the United States Constitution." *Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224 (2d Cir. 2014); *see also Chew v. Dietrich*, 143 F.3d 24, 28–29 (2d Cir. 1998). If a plaintiff alleges specific personal jurisdiction, "[a] plaintiff must establish the court's jurisdiction with respect to each claim asserted." *Sunward Elecs., Inc. v. McDonald*, 362 F.3d 17, 24 (2d Cir. 2004).

*Studio Giraffe LLC v. Nizomov*, No. 25-CV-5322 (RA), 2026 WL 1413583, at *2–3 (S.D.N.Y. May 20, 2026).

12

Here, Plaintiffs maintain they have made a prima facie showing of personal jurisdiction under New York's long-arm statute, N.Y.C.P.L.R. § 302(a)(3), which

> confers jurisdiction over a non-domiciliary when five elements are met: (1) The [plaintiff stated a colorable claim that the] defendant committed a tortious act outside the state; (2) the cause of action arose from that act; (3) the act caused injury to a person or property within the state; (4) the defendant expected or should reasonably have expected the act to have consequences in the state; (5) the defendant derives substantial revenue from interstate or international commerce.

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. UPS Supply Chain Sols., Inc.*, 74 F.4th 66, 72 (2d Cir. 2023) (citations and paragraph formatting omitted).

However, Plaintiffs have not made a prima facie showing to support any of those elements. Plaintiffs have not, for example, alleged any facts suggesting that SGG Energy, Inc. committed a tortious act related to this lawsuit, or that it derives substantial revenue from interstate or international commerce. Rather, Plaintiffs make only conclusory and speculative assertions, which are insufficient. *See, e.g., DeLorenzo v. Viceroy Hotel Grp., LLC*, 757 F. App'x 6, 8 (2d Cir. 2018) ("[C]onclusory non-fact-specific jurisdictional allegations" or "legal conclusion[s] couched as a factual allegation" will not establish a prima facie showing of jurisdiction. *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2d Cir. 1998)."); *see also, Stewart v. Vista Point Verlag*, No. 99 CIV. 4225 (LAP), 2000 WL 1459839, at *4 (S.D.N.Y. Sept. 29, 2000) ("[P]laintiff's argument that this court has jurisdiction over Vista Point based on her speculation about sales to New York State residents is untenable."), *aff'd*, 20 F. App'x 91 (2d Cir. 2001). Consequently, the Complaint is alternatively dismissed against SGG Energy, Inc. for lack of personal jurisdiction.

13

CONCLUSION

SGG Energy Inc.'s Motion to Dismiss (ECF No. 8) is granted.  The Clerk is directed

to terminate SGG Energy, Inc. as a party to the action.

SO ORDERED.

Dated: Rochester, New York
       July 15 , 2026

ENTER:

_____
CHARLES J. SIRAGUSA
United States District Judge

14